In re Greg Scott BRECKENRIDGE and Cathy Lee Breckenridge, Debtors.

Bankruptcy No. 579–842.

United States Bankruptcy Court, N. D. Ohio.

Feb. 29, 1980.

Carl Hirsch, Chillicothe, Ohio, for debtors.

Harold Corzin, Akron, Ohio, trustee.

Richard A. Wilson, Stow, Ohio, for Ameri-Trust of Portage County, Ohio.

H. F. WHITE, Bankruptcy Judge.

Greg Scott Breckenridge and Cathy Lee Breckenridge on October 4, 1979 filed a voluntary joint petition in bankruptcy seeking relief as provided for under the Bankruptcy Code and a discharge of their debts under 11 U.S.C. Section 727.

An interim Trustee was appointed and City Bank of Kent was notified of said proceedings, said creditor is also known as AmeriTrust of Portage County. Said creditor was scheduled as a secured creditor with a mortgage on a 1974 Plymouth Duster 2-door motor vehicle. The amount of the original debt was $2,880.53. A meeting of creditors under Section 341(a) was held on October 23, 1979 and Harold Corzin, interim Trustee, became the Trustee.

On November 19, 1979 a motion was filed by AmeriTrust of Portage County to approve a revivor agreement entered into between the debtor and said creditor on November 10, 1979. This Court on December 12, 1979 scheduled a hearing as provided for under 11 U.S.C. 524(d) to be held on December 27, 1979 which was then adjourned to January 11, 1980. At said hearing, pursuant to Section 524(d), the debtors were advised of their rights as required by the Bankruptcy Code.

The debtors indicated to the Court that they desired to rescind the agreement entered into on November 10, 1979. The creditor objected to the debtors rescinding the contract as their security, the 1974 motor vehicle, subsequent to the signing of the reaffirmation agreement was destroyed.

The Court upon the testimony and evidence hereby makes the additional finding of facts.

1. The Court finds that Greg Scott Breckenridge and Cathy Lee Breckenridge are husband and wife and that there are no children of said marriage and that Mr. Breckenridge is gainfully employed as a factory worker and that Mrs. Breckenridge is engaged parttime as a clerk in a drug store.

2. The debtors against the advice of their counsel did, without encouragement by the creditor, sign the reaffirmation agreement on November 10, 1979 in the amount of $1,121.19, acknowledging that the creditor had a security interest in the 1974 Plymouth Duster automobile. This agreement was made before a discharge was granted in these proceedings. The debt in question is a dischargeable debt under the Bankruptcy Code.

3. On November 30, 1979 the debtor, Greg Scott Breckenridge, was involved in an accident at the intersection of Routes 77 and 76 in which his motor vehicle was struck and completely destroyed.

4. On November 30, 1979 there was no collision or fire insurance on said vehicle.

5. On December 12, 1979 the debtor entered into a property settlement with the insurer of the other party in the collision and received the sum of $2,600.00 for damages to the motor vehicle, clothing, and personal property which was in the vehicle at the time of the accident. He failed to

notify the creditor of the settlement and used the funds to purchase a 1974 Volkswagon motor vehicle. The balance of the funds was used for other personal purposes.

6. AmeriTrust of Portage County had a valid security agreement, duly recorded, on the motor vehicle as of November 30, 1979 as required by Ohio law. O.R.C. 4505.04.

7. There is currently a balance of $921.19 due on the debt to the creditor, AmeriTrust of Portage County, as the debtor, Greg S. Breckenridge, made one payment of $200.00 since the signing of the reaffirmation agreement.

8. The Court finds that the debt with the creditor is a consumer debt as defined in 11 U.S.C. 101(7) of the Bankruptcy Code.

### ISSUE

Has the debtor a right to rescind the agreement?

### LAW

11 U.S.C. Section 524 subsection (c) of the Bankruptcy Code provides that any reaffirmation agreement or redemption agreement made before granting of the discharge under 727 must be approved by the Court at a hearing under 11 U.S.C. Section 524. This hearing is provided for under Section 524(d) and Interim Bankruptcy Rule 4004 as adopted by the Northern District of Ohio. The Court must inform the debtor that such agreement is not required under the Code and the legal effects thereof and the circumstances of the action.

The debtors at the time of the hearing stated in open Court that they did not desire to be bound by the signed reaffirmation agreement of November 10, 1979. 11 U.S.C. Section 524(c) of the Bankruptcy Code prohibits the enforcement of the reaffirmation agreement of a dischargeable debt unless first approved by the Court.

Section 524(c)(2) of the Bankruptcy Code states that an agreement is enforceable only if "(2) the debtor has not rescinded such agreement within 30 days after such agreement becomes enforceable." Therefore, the agreement to be enforceable, must have been approved by the Court at a hearing as provided for by law. Before approval by the Court, Section 524(c)(4) requires the Court to determine that the debt is a consumer debt that is not secured by real estate and that the agreement does not impose an undue hardship on the debtor, or upon the dependents of the debtor, and is in the best interest of the debtor.

There is no litigation pending pursuant to Section 524(c)(4)(B)(ii) of the Bankruptcy Code. The agreement does provide for the redemption of the motor vehicle under Section 722 of the Bankruptcy Code.

The debtor, Greg Scott Breckenridge, entered into this agreement for reaffirmation in order to redeem the motor vehicle for transportation purposes.

There was no evidence to indicate whether the lien of the creditor was a purchase money mortgage security interest in said vehicle or whether it was a nonpurchase, nonpossessory interest.

Normally the Court would have approved the agreement of November 10, 1979 between the bank and the debtor, Greg Scott Breckenridge, because the debtor was unable to pay the amount of the lien in full; so to facilitate the redemption of the motor vehicle by the debtor, a reaffirmation agreement under 524(c) and (d) had to be made.

*Collier on Bankruptcy* 15th Ed., Vol. 4 Section 722.05 states:

Redemption under section 722 is accomplished by the debtor paying the lienholder the amount of the allowed claim secured by the lien. Under section 506(a), the amount of the allowed secured claim of an undersecured creditor is the value of the secured party's collateral. Section 506(a) states that 'such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearings on such disposition or use . . . .'

Cathy Lee Breckenridge is a part-time clerk in a drug store and is dependent upon her husband for support. The motor vehi-

cle is titled in her husband's name; therefore, the claim of the bank as to Cathy Lee Breckenridge is an unsecured claim. Accordingly, it appears to the Court that it is not in the best interest of the debtor, Cathy Lee Breckenridge, for the Court to approve such application, as there is no evidence that the debtor, Cathy Lee Breckenridge, has the independent source necessary to pay the debt which she agreed to reaffirm.

Therefore, it is the conclusion of the Bankruptcy Court since the right of recission is the only issue raised by the parties in the pleadings before the Court, the motion for approval of the reaffirmation agreement between the debtor and the bank should be dismissed, as there is no agreement to be approved by the Court.